UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SR. O'NEAL,

Plaintiff,

v.

KATHLEEN ALLISON, et al.,

Defendants.

Case No. 22-cv-07367-JD

**ORDER OF SERVICE**

# INTRODUCTION

Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights case under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP) in May 2020. Plaintiff's complaint (Dkt. No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the complaint is ordered served on Defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

# DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff names the following Defendants:

    a.   CDCR Director Kathleen Allison,

    b.   California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz,

    c.   Associate Director of Reception Mission Ron Davis,

    d.   SQSP Warden Ron Broomfield,

    e.   Federal Receiver J. Clark Kelso,

    f.   SQSP Chief Medical Executive Alison Pachynski,

    g.   California Institute for Men (CIM) chief medical officer L. Escobell,

    h.   Director of CDCR's Medical Services R. Steven Tharratt,

    i.   San Quentin Healthcare Chief Executive Director Clarence Cryer,

    j.   CIM Warden Dean Borders, and

    k.   CCHCS Director Joseph Bick.

Plaintiff sues all Defendants in their individual and official capacities.

1    Plaintiff alleges that Defendants were involved in the decision to transfer over 100
2    inmates, some of whom were infected with COVID-19, from CIM to SQSP in May 2020.  Dkt.
3    No. 1 at 10.  He alleges that Defendants failed to take adequate safety precautions before, during,
4    and after the transfer, including failing to test the transferring prisoners or screen them for
5    symptoms at the appropriate times, failing to implement distancing measures on the transfer
6    busses, and failing to test and isolate the transferred prisoners upon arrival.  *Id.* at 9-13.  He alleges
7    that SQSP was an inappropriate prison for sending the prisoners, because it has "exceedingly poor
8    ventilation, extraordinary close living quarters, [and] inadequate sanitation due to its antiquated
9    infrastructure and overcrowding."  *Id*. at 9.  Plaintiff sues all Defendants in both their individual
10   and official capacities.  *Id*. at 7.

11   The complaint alleges that defendant Kelso "ordered or helped facilitate the transfer . . .
12   with the approval of" defendants Diaz, Allison, and Davis; that defendants Escobell and Tharratt
13   ordered that the transferring prisoners not be retested the day before the transfer; that defendant
14   Bick was "responsible for all transfer and testing protocols"; that defendant Borders approved
15   the[] transfers of untested" prisoners; and that defendant Davis, "with the approval of" defendants
16   Allison and Bick, "decided to disregard the . . . social distancing guidelines" by placing more than
17   19 prisoners on each bus.  Dkt. No. 1 at 9-10, 12.  It alleges that defendants Broomfield, Cryer,
18   and Pachynski "chose not to implement . . . basic safety measures" to prevent spread of the virus
19   upon the arrival of the transferring prisoners at SQSP.  *Id.* at 13.  It also alleges that defendants
20   Diaz and Allison were "well aware of the concerns raised" regarding the transfer.  *Id.* at 12.

21   Plaintiff experienced symptoms of COVID-19, Dkt. No. 1 at 14, and tested positive for the
22   virus on June 24, 2020.  *Id.* at 21.  Plaintiff alleges the above actions and inactions violated the
23   Eighth Amendment.  He seeks declaratory relief, injunctive relief, compensatory and punitive
24   damages, and costs of suit.

25   When liberally construed, Plaintiff's allegations state a cognizable claim for deliberate
26   indifference to his safety, in violation of the Eighth Amendment, against Defendants.  *Farmer v.*
27   *Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows
28   that prisoner faces substantial risk of serious harm and disregards that risk by failing to take

3

1   reasonable steps to abate it).

2   But the Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). State officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. *Id.* Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacities. *See id.* The Court DISMISSES Plaintiff's claims for damages against Defendants in their official capacities.

The Court also DISMISSES Plaintiff's complaint against Defendant Tharratt. The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1. The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on November 22, 2022. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Dr. Tharratt was therefore not an appropriately named Defendant at

4

the onset of this litigation and will be DISMISSED.

**CONCLUSION**

For the reasons set out above,

1. The Court DISMISSES Plaintiff's claims for damages based on Defendants' actions in their official capacity, as barred by the Eleventh Amendment.

2. The Court DISMISSES Defendant Tharratt.

3. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Ron Broomfield,

    b. Ralph Diaz,

    c. Ron Davis,

    d. Kathleen Allison,

    e. Alison Pachynski,

    f. L. Escobell,

    g. Clarence Cryer,

    h. Dean Borders, and

    i. Joseph Bick.

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court ORDERS that service on defendant Clark Kelso shall proceed separately. The Clerk is directed to electronically serve Clark Kelso and his attorney via the email address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint (Dkt. No. 1), this Order of Service, and a Waiver of the Service of Summons form.

4. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Dkt. No. 5.

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

1  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
3  pending case every time he is moved to a new facility.

4        8.      Any motion for an extension of time must be filed no later than the deadline sought
5  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
6  he must include the case name and case number for this case on any document he submits to the
7  Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 27, 2023

JAMES DONATO
United States District Judge